UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                Case No. 25-mj-30556

v.

Samer Succar,

        Defendant.

**Stipulation and Order to Adjourn the
Preliminary Hearing and Find Excludable Delay**

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

1. The defendant was arrested on the criminal complaint in this case on October 3, 2025, he made his initial appearance on the criminal complaint the same day, October 3, 2025, and he was detained pending trial. The preliminary hearing is currently scheduled to take place on October 20, 2025. The parties are now seeking to adjourn that preliminary hearing by approximately 30 days, to November 19, 2025.

2. The government has produced an initial batch discovery to the defendant and is preparing to produce a second batch of discovery. The government has also provided the defendant with a Rule 11 plea offer, and the parties are engaged in pre-indictment plea negotiations that may result in a plea agreement, which will eliminate the need for this Court to conduct a preliminary hearing. A pre-indictment plea agreement will also provide that the defendant waive his right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources. In addition, a pre-indictment plea agreement will also eliminate the need for a trial.

3. A part of the plea negotiations involves defense counsels' assessment of the government's case against the defendant. This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery and the plea offer provided by the government and then confer with the defendant. The discovery includes the following categories of evidence: agency reports and records, and audio and video files.

4. In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, the defendant has consented to this adjournment, and the adjournment sought is fairly limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking

into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

5. In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to engage in pre-indictment plea negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. It would also likely result in the

conservation of judicial and prosecutorial resources by eliminating the need for a trial.

6. Accordingly, the parties request that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned from October 20, 2025, until November 19, 2025. The parties also request that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. The parties request that this ends-of-justice continuance begin on October 20, 2025, and continue through November 19, 2025, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

| | |
|---|---|
| *s/Corinne M. Lambert* | *s/Fadwa A. Hammoud (with consent)* |
| Corinne M. Lambert | Fadwa Hammoud |
| Special Assistant U.S. Attorney | Miller Johnson |
| 211 W. Fort Street, Suite 2001 | 500 Woodward Ave., Ste. 3600 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9129 | (313) 435-2482 |
| Corinne.Lambert@usdoj.gov | hammoudf@millerjohnson.com |

Dated: October 14, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                No. 25-mj-30556

v.

Samer Succar,

        Defendant.

**Order Adjourning the
Preliminary Hearing and Finding Excludable Delay**

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from October 20, 2025, to November 19, 2025 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The Court finds, based on the information and explanation set forth by the parties, that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to November 19, 2025. *See* Fed. R. Crim. P. 5.1(d).

The Court also finds, based on the information and explanation set forth by the parties—namely that the parties are engaged in pre-indictment negotiations and

that defense counsel needs additional time within which to review discovery and advise the defendant on how to proceed—that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7).  Accordingly, the Court grants a continuance until November 19, 2025, and orders that the period from October 20, 2025 to November 19, 2025 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

s/Kimberly G. Altman<br>
Kimberly G. Altman<br>
United States Magistrate Judge

Dated: October 15, 2025